IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01468-PAB

WOODWARD, INC., a Delaware corporation,

Plaintiff,

v.

ZHRO SOLUTIONS, LLC, a Nevada limited liability company, and
ADVANCED GREEN INNOVATIONS, LLC, a Nevada limited liability company,

Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1].

Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to

28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 15.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See*

*Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628

F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court

may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the

Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish defendants' citizenship.

According to the complaint, "ZHRO is a Nevada limited liability company, with a principal place of business" in Arizona. Docket No. 1 at 3, ¶ 9. Plaintiff asserts, "[u]pon information and belief," that defendant's "sole member is Advanced Green Innovations, LLC ("AGI")." *Id.* Additionally, the complaint alleges that AGI's sole member is Advanced Green Technologies, LLC, whose "members are Cochise Investments LLC and Roy McLester." *Id.*, ¶ 11. Plaintiff further alleges that Cochise Investments, LLC has one member – KL-998 Trust UTD December 28, 1999. *Id.* at 4, ¶12. These allegations are insufficient to establish defendants' citizenship for two reasons. First,

the Court reads plaintiff's averment "on information and belief" to mean that plaintiff does not have affirmative knowledge of whether AGI is ZHRO's sole member. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009) (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

Second, even assuming AGI is ZHRO's sole member, plaintiff has failed to establish defendants' citizenship. Unlike a corporation, the citizenship of a limited liability company is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See*, *e.g.*, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other

entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)), *abrogated on other grounds by Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be . . . ."). Here, plaintiff has traced the ownership structure of ZHRO to Cochise Investments LLC and Roy McLester. *See* Docket No. 1 at 3, ¶ 11. However, plaintiff has not identified the citizenship of KL-998 Trust UTD December 28, 1999 – the sole member of Cochise Investments LLC. *See id.* at 3-4, ¶¶ 11-12; *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739 n.1 (10th Cir. 2018) (unpublished). Plaintiff also fails to identify the citizenship of Roy McLester. Absent such information, the Court cannot determine the citizenship of defendants and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). It is therefore

**ORDERED** that, on or before **5:00 p.m. on June 25, 2018**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 13, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge