IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01468-PAB

WOODWARD, INC., a Delaware corporation,

    Plaintiff,

v.

ZHRO SOLUTIONS, LLC, a Nevada limited liability company, and
ADVANCED GREEN INNOVATIONS, LLC, a Nevada limited liability company,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff Woodward, Inc.'s Response to the Court's Order to Show Cause [Docket No. 12]. Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Docket No. 11 at 4-5, ¶ 17; Docket No. 12 at 3.

On June 13, 2018, the Court issued an order to show cause identifying several deficiencies in plaintiff's jurisdictional allegations. Docket No. 7. Specifically, the Court found that: (1) plaintiff's allegation, "upon information and belief," that defendant ZHRO Solutions' sole member is Advanced Green Innovations, LLC was not sufficient to establish subject matter jurisdiction; (2) plaintiff had failed to identify the citizenship of Roy McLester,[1] one of two members of Advanced Green Technologies, LLC; and (3) plaintiff had failed to identify the citizenship of the KL-998 Trust UTD December 28,

---

[1] In its response to the Court's show cause order, plaintiff notes that, "[d]ue to a typographical error, Advanced Green Technologies, LLC [ ] member Roy McAlister was incorrectly identified as Roy 'McLester' in the Complaint." Docket No. 12 at 3 n.1.

1999 ("KL-998 Trust"), the sole member of Cochise Investments, LLC. *See id.* at 2-4.

On June 21, 2018, plaintiff filed an amended complaint along with a response to the Court's show cause order. *See* Docket Nos. 11, 12. As stated in plaintiff's response, the amended complaint affirmatively alleges that Advanced Green Innovations, LLC is ZHRO's sole member without resorting to plaintiff's "information and belief." Docket No. 11 at 3, ¶ 9; Docket No. 12 at 7. Additionally, the complaint asserts that both Roy McAlister and Kenneth Losch, the trustee of KL-998 Trust, are citizens of Arizona. Docket No. 11 at 4, ¶¶ 12-14; Docket No. 12 at 8, 11. Plaintiff contends that this latter allegation is sufficient to establish the citizenship of the KL-998 Trust because, consistent with the Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), "the inquiry for purposes of diversity jurisdiction should focus on the citizenship of the trustee." Docket No. 12 at 11. The Court disagrees.

In *Americold Realty Trust*, the Supreme Court held that the citizenship of a real estate investment trust, like the citizenship of other unincorporated entities, depends on the citizenship of all its members. 136 S. Ct. at 106. Relying on the court's prior decision in *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), the defendant had argued that the citizenship of a trust is always determined by the citizenship of its trustees alone. *Id.* at 1016. The court rejected this conclusion, explaining that *Navarro* merely "reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs – as is true of any natural person." *Americold*, 136 S. Ct. at 1016. Thus, at least initially, *Americold* appears to

establish clear rules for determining a party's citizenship depending on whether the party is a trustee or the trust entity itself. However, the court further explained:

> Americold's confusion regarding the citizenship of a trust is understandable and widely shared. The confusion can be explained perhaps, by tradition. Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued. Many States, however, have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template. . . . So long as such an entity is unincorporated, we apply our "oft-repeated rule" that it possesses the citizenship of all of its members. But neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust.

*Id.* at 1016. As courts have recognized, this language is susceptible to several interpretations. For example, it could mean that "there is no need to determine entity membership for diversity purposes when a 'traditional trust' is sued as an entity." *See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 749 (4th Cir. 2016). Alternatively, the passage from *Americold* could reflect the principle that "a trust sued as an entity must prove entity membership because it is a separate legal person from the individual trustees." *Id.* Three circuits have directly confronted this ambiguity. All three have interpreted *Americold* as establishing that, in contrast to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wang ex rel. Wong v.*

3

*New Mighty U.S. Trust*, 843 F.3d 487, 494 (D.C. Cir. 2016).[2]

Although the Tenth Circuit has not yet addressed the issue, the Court finds the reasoning of the Second, Third, and D.C. Circuits persuasive. However, the fact that "traditional trusts retain the citizenship of their trustees" for purposes of diversity jurisdiction, Docket No. 12 at 9, does not resolve the jurisdictional issue here. Plaintiff has not alleged that the KL-998 Trust is a traditional trust or presented any facts from which the Court could reach that conclusion. *See, e.g.*, *GBForefront, L.P.*, 888 F.3d at 40-41 (explaining two inquiries a court should undertake in deciding whether a trust is a "traditional" or "business" trust for purposes of diversity jurisdiction).[3] The Court finds that plaintiff's response to the order to show cause, which fails to analyze whether the KL-998 Trust is a traditional trust or a business trust, is insufficient to enable the Court to determine the citizenship of defendants or whether the Court has jurisdiction.

Plaintiff argues that, "[i]n the event that the Court believes the citizenship of the KL-998 Trust's beneficiaries are relevant to the jurisdictional inquiry," plaintiff should be permitted "limited discovery of the KL-998 Trust to identify its current beneficiaries." Docket No. 12 at 11. The Court disagrees. Permitting such discovery at the outset of a case would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."

---

[2]In *GBForefront, L.P.*, the Third Circuit identified two principal distinctions between a traditional trust and a business trust. *See* 888 F.3d at 40. First, "a traditional trust exists as a fiduciary relationship," while a business trust is treated as a distinct legal entity. *Id.* Second, "a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for exchange." *Id.*

[3]Plaintiff states that the KL-998 Trust is a "private trust," Docket No. 12 at 12, but does not provide any explanation of what that means.

*Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court would have the inherent power to do so."); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("[T]he presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."). The Court sees no reason to depart from its prior rulings denying requests for jurisdictional discovery where parties have failed to plead a sufficient basis for federal jurisdiction at the outset of a case. *See, e.g.*, *Nancy P. Assad Trust v. Berry Petroleum Co.*, No. 13-cv-00544-PAB, 2013 WL 1151912, at *2-3 (D. Colo. Mar. 20, 2013) (denying jurisdictional discovery where plaintiff had failed to identify the members of the defendant LLCs).

Plaintiff argues that "[r]equiring a plaintiff . . . to conclusively establish the citizenship of a private trust's beneficiaries at the pleading stage for purposes of subject matter jurisdiction without limited discovery would be prejudicial" because such a plaintiff would be forced to pursue its lawsuit in state court. Docket No. 12 at 12 n.6. But a state forum is not presumptively prejudicial. *See, e.g.*, *Assad Trust*, 2013 WL 1151912, at *3 (finding that there had been no showing of prejudice where "there [was] no indication that dismissing [the] case [would] prejudice plaintiff by depriving it of a forum in which to assert its claims"). And, as plaintiff itself suggests, plaintiff would

5

have the option of conducting jurisdictional discovery in state court and then moving to dismiss the case without prejudice to its re-filing in a federal forum. Docket No. 12 at 12 n.6. For these reasons, the Court finds that there is no basis to permit jurisdictional discovery at this time. *Cf. Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal").

Wherefore, it is

**ORDERED** that, on or before **5:00 p.m.** on **July 6, 2018**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

6